## AUSBERRY BLANKENSHIP v. STATE.

No. A-9137.   Sept. 17, 1937.
(71 Pac. 2d 772.)

O. E. Brewer, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, in this opinion referred to as the defendant, was by information jointly charged with Samuel Blankenship of the crime of murder in taking the life of one Clay D. Dickson, was tried separately, convicted of manslaughter in the first degree, and sentenced to serve a term of imprisonment in the state penitentiary of four years.   From which judgment and sentence the defendant by transcript has appealed to this court.

The defendant as grounds for reversal of his case alleges that the court committed nine errors.   All of the errors assigned by the defendant are included in his

ninth assignment of error, and that is: "The court erred in overruling his motion for a new trial."

The transcript of the record contains the instructions of the court, a copy of the information, a copy of the judgment and sentence of the court.

The information states facts sufficient to advise the jury of the charge against him, and to advise the defendant of the witnesses that would be used against him in the trial of his case. The verdict is in regular form. The judgment and sentence is regular.

The court cannot go into the question of many of the assignments of the defendant for the reason that the transcript does not contain a copy of the evidence.

A careful examination of the transcript discloses that the defendant was regularly charged with the crime of murder jointly with Samuel Blankenship; was tried separately, and convicted of manslaughter in the first degree. The trial court had jurisdiction of the defendant and the subject-matter.

There being no fundamental or prejudicial errors shown by the transcript, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.